The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, AR 72936
Dear Senator Walters:
This is in response to your request for our review of information submitted in connection with your previous question involving the mayor's veto power. You have also asked for an opinion concerning the number of votes necessary to pass a resolution, order, or ordinance raising the mayor's salary where the city council currently has a vacancy and is comprised of five, rather than the usual six members.
While a supplemental opinion with respect to the major having veto power over a city council's appointment to fill a council vacancy is not warranted at this time, we are constrained to note a recent circuit court case wherein the mayor's veto power in this regard in a city of the second class was voided. The Circuit Court of Marion County, Arkansas recently held that the statutes call for a mandatory election by a majority vote of the council to fill council vacancies, and that the major has lost any right to participate in decisions involving election returns and qualifications of council members due to Act 346 of 1981 (ACA14-44-107(a)), which removed the mayor as a member of the city council of cities of the second class. Hadzima et al. v. Parsons, Marion Co. Circuit Ct. No. CIV-90-21 (decided July 13, 1990). The court also found that the act of electing an alderman is an administrative act, not a legislative act, and is not subject to veto by the mayor. ID.
As it stands, this case does not provide state-wide precedent on the issue. An appeal could, however, resolve the matter, at least as to cities of the second class, and perhaps as to cities of the first class by virtue of the court's conclusion that the election to fill a council vacancy is an administrative act which is not subject to the mayor's veto. A conclusive resolution of the issue, however, ultimately remains with the courts.
With regard to your second question involving the number of votes necessary to increase the mayor's salary, it should be initially noted that the salary must be set by city ordinance. A.C.A.14-43-409. Under A.C.A. 14-55-203(b), "a concurrence of a majority of a whole number of members elected to the council" is required to pass any ordinance. A `majority of a whole number of members elected to the council" would, in this instance, be four (4) since, according to your correspondence, the question is asked with regard to a six-member council. In my opinion, therefore, it would take four (4) votes to raise the mayor's salary level.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
RON FIELDS Attorney General
RF:arb